UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BEVERLY ZAKRE,

    Plaintiff,    03 Civ. 257

 -against-      OPINION

NORDDEUTSCHE LANDESBANK
GIROZENTRALE,

    Defendant.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

A P P E A R A N C E S:

### Attorneys for Plaintiff

VLADECK, WALDMAN, ELIAS &
 ENGELHARD, P.C.
1501 Broadway, Suite 800
New York, NY 10036
By: Anne L. Clark, Esq.
   Karen Cacace, Esq.

### Attorneys for Defendant

MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017
By: Joel E. Cohen, Esq.
   Carolyn T. Schiff, Esq.
   Katherine D. Kale, Esq.

**Sweet, D.J.,**

Plaintiff Beverly Zakre ("Zakre" or the "Plaintiff") has moved for partial reconsideration of this Court's February 8, 2008 decision granting Defendant Norddeutsche Landesbank Girozentrale's ("Nord/LB" or the "Defendant") motion for a remittitur with respect to punitive damages and granting Zakre's motion for attorney's fees, costs, and interest ("the February 8th Opinion"). Zakre has also moved for calculation of interest in accordance with that opinion.

## I. Prior Proceedings

On April 23, 2007, after a ten-day trial, a jury found that Nord/LB had discriminated against Zakre because of her gender and retaliated against her because of her opposition to unlawful employment actions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the New York State Human Rights Law, N.Y. Exec. §§ 296-301; and the Administrative Code of the City of New York §§ 8-107-8-131. The jury awarded Zakre $1,348,971 in lost wages and benefits, $100,000 for emotional distress, and $2,500,000 in punitive damages.

1

On February 8, 2008, this Court ruled on the parties' post-trial motions. See Zakre v. Norddeutsche Landesbank Girozentrale, 541 F. Supp. 2d 555 (S.D.N.Y. 2008). The Court granted Zakre's motion for attorney's fees and costs, denied her motion for reinstatement, and granted Nord/LB's motion for remittitur of the punitive damages or, in the alternative, for a new trial on that limited issue.

The instant motion for reconsideration was marked fully submitted on March 19, 2008.

## II. Option of New Trial in Alternative to Remittitur

In the February 8th Opinion, the Court granted Defendant's motion, pursuant to Rule 59, Fed. R. Civ. P., for remittitur of the jury's $2,500,000 punitive damages award. The Court ordered a reduction of the punitive damages award to $600,000 and offered plaintiff, in the alternative, the option of a new trial on the issue of punitive damages. See Zakre, 541 F. Supp. 2d at 567.

In the instant motion, Zakre requests that the Court enter its reduction of the punitive damage award without the option of a new trial. See Thomas v. iStar Fin., Inc., 520 F.

2

Supp. 2d 483, 485 (S.D.N.Y. 2007). The request is unopposed by Nord/LB and is granted.

## III. Pre-Judgment Interest Calculations

Zakre has submitted two alternative sets of calculations regarding pre-judgment interest. Nord/LB objects to the Plaintiff's calculation of pre-judgment interest using a rate of 4.93%, the weekly average rate of return on one-year federal Treasury bills for the calendar week preceding the date of the judgment, rather than the average annual rate of return on one-year federal Treasury bills for the period between the time the claim arose and the entry of judgment. Nord/LB further objects to the calculations to the extent that they are not based on the actual figures presented to the jury at trial, as well as to the time period over which the Plaintiff apportions the back pay award.

With regard to the appropriate pre-judgment interest rate, the Court agrees with Nord/LB that the proper rate to be applied is the average annual rate of return on one-year Treasury bills between the time the claim arose and the entry of judgment. See Kuper v. Empire Blue Cross & Blue Shield, No. 99 Civ. 1190 (JSG), 2003 U.S. Dist. LEXIS 27728, at *16-17

3

(S.D.N.Y. Dec. 24, 2003). "Calculating interest based on the average annual T-bill rate 'more adequately ensures that the plaintiff is sufficiently, but not overly, compensated' because of the fluctuation in the rate of return over a period of years." Id. at *17 (quoting McIntosh v. Irving Trust Co., 873 F. Supp. 872, 883 (S.D.N.Y. 1995)); see also James v. AMTRAK, No. 02 Civ. 3915 (RJH) (AJP), 2005 U.S. Dist. LEXIS 5401, at *72-73 (S.D.N.Y. Mar. 30, 2005).

With regard to the underlying back pay figures to be used and the time period over which those figures should be apportioned for the purposes of calculating pre-judgment interest, the Court agrees with Nord/LB that apportionment of the entire back pay award over the period between September 2001 and April 2007 is not appropriate, as the jury awarded $533,971 specifically for Nord/LB's failure to promote Zakre in September 2001, and $825,000 for termination of her employment in July 2005. Zakre's second set of calculations, see Pl's Mot. Ex B, derived from the wage and benefits information Zakre presented to the jury, more accurately reflects the damages suffered and, therefore, the pre-judgment interest award required to make Zakre whole. See Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996) ("[T]he intention of the backpay award of Title VII is to 'make persons whole for injuries suffered

4

through past discrimination . . . [and] pre-judgment interest, of course, is an element of complete compensation,'" (quoting Loeffler v. Frank, 486 U.S. 549, 557-58 (1988)).

IV.  **Post-Judgment Interest**

Zakre requests that the Court clarify that post-judgment interests at the rate of 4.93% accrues on the entire judgment as amended—including the award of attorney's fees, costs, and pre-judgment interest—from the date of the original entry of judgment, April 27, 2007. See Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998); Gamble v. E. Bronx N.A.A.C.P. Day Care Ctr., Inc., No. 04 Civ. 1198 (KMW), 2008 U.S. Dist. LEXIS 39412, at *7-8 (S.D.N.Y. May 15, 2008). This request is unopposed by Nord/LB and is granted.

It is so ordered.

Submit judgment on notice.

**New York, N.Y.**
**June 26, 2008**

ROBERT W. SWEET
U.S.D.J.